UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEODULO CAMPOS, a/k/a LUIS CAMPOS, on behalf of himself and all other similarly situated persons, known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>EGGCETERA CAFE and DINO BASTAS, individually.<br><br>    Defendant. | |

**COMPLAINT AT LAW**

Plaintiff, Teodulo Campos, a/k/a Luis Campos ("Campos"), on behalf of himself and all other similarly situated persons, known and unknown, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendants EggCetera Café ("EggCetera") and Dino Bastas, individually, states as follows:

**NATURE OF ACTION**

1. Plaintiff brings this lawsuit as a collective/class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat.105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL for failing to pay Plaintiff and other members of the Plaintiff Class overtime wages for hours worked in excess of forty (40) per workweek.

**JURISDICTION AND VENUE**

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois at EggCetera's facility in Will County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Campos worked for Defendants as an hourly-paid employee at EggCetera's Mokena, Illinois location from in or around January 2013 through on or about February 2016.

5. Campos resides in Orland Park, Illinois.

6. The putative members of the Plaintiff Class include all individuals similarly situated to Campos, known and unknown. This includes current and former hourly, non-exempt employees of the Defendants who worked for the Defendants within the three-year period preceding the filing of this Complaint through the present date (the "Relevant Time Period"), and worked over forty (40) hours per week in any week but were not paid at a rate of one and one-half times their regular rate of pay (the "overtime" rate) for all hours in excess of forty (40) per week.

7. EggCetera is an Illinois corporation doing business within this judicial district. It is a restaurant located at 10129 191st Street in Mokena, Illinois, 60448.

8. Defendant Bastas is the owner of EggCetera. During the relevant time period, Bastas had the authority to, and did, hire and fire EggCetera's employees; direct and supervise

the work of EggCetera's employees; sign on EggCetera's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for EggCetera.

9. EggCetera is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. During all times relevant, Campos and similarly-situated persons were employed by EggCetera as "employees" as defined by the FLSA and IMWL.

## FACTUAL ALLEGATIONS

11. Campos was employed by Defendants from in or around January 2013 through approximately February 2016. At the time that Plaintiff stopped working for Defendants, his regular hourly rate was $11.00 per hour.

12. Campos, as well as all putative members of the Plaintiff Class, are/were at all times paid an hourly wage by Defendants, and were regularly scheduled to work over forty (40) hours per work week.

13. Under the FLSA and IMWL, Defendants are required to accurately record the hours worked by their employees and keep such records, and therefore should possess records accurately reflecting the number of hours that Plaintiff and putative members of the Plaintiff Class worked each week.

14. Although Plaintiff does not have pay stubs from the Defendants showing the number of hours he worked per pay period, he does possess contemporaneous handwritten notes reflecting the number of hours that he worked during each week of his employment.

15. Throughout his employment with the Defendants, Campos routinely worked in excess of forty hours per week. In fact, throughout his employment Campos worked an average of 52 hours per week.

16. Like Campos, the putative members of the Plaintiff Class routinely worked in excess of forty hours per week during their employment with the Defendants.

17. For any hours worked in excess of forty (40) hours in a workweek, Defendants paid Plaintiff and the Plaintiff Class at only their regular hourly rates.

18. Pursuant to the FLSA and IMWL, Plaintiff and the putative members of the Plaintiff Class were entitled to receive the overtime rate of 1.5 times their regular hourly rate for all hours worked in excess of forty (40) per week.

19. Defendants failed to compensate Plaintiff and the putative members of the Plaintiff Class at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

20. Defendants were aware of their obligation to pay Plaintiff and the putative members of the Plaintiff Class at their overtime rates for hours worked over forty (40) in a week, and intentionally chose not to pay them accordingly.

21. Defendants acted and continue to act in bad faith by failing to adequately compensate Plaintiff and the putative members of the Plaintiff Class for the overtime work they performed.

## CLASS ALLEGATIONS

22. Plaintiff brings this action both as an opt-in collective action under the FLSA, 29 U.S.C. §216(b), and as a class action under the IMWL.

23. The Class that Plaintiff seeks to certify is currently defined as:

4

> All persons (1) who worked as hourly, non-exempt employees of Defendants, (2) who at any time worked over forty (40) hours per week, and (3) who were not paid at the rate of one and one-half their regular hourly rate for all hours worked in excess of forty (40) hours per week, (4) during the Relevant Time Period including the three years preceding the filing of the Original Complaint through the present day.

24. This action is brought as a class action under Fed. R. Civ. P. 23 because the putative members of the Plaintiff Class are so numerous that joinder of all class members is impracticable. Plaintiff and the putative members of the Plaintiff Class have been equally affected by Defendants' failure to pay overtime wages.

25. The Plaintiff Class members still employed by Defendants may be reluctant to file individual claims for fear of retaliation.

26. Plaintiff satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. These common questions of law and fact include, but are not limited to whether Defendants paid Plaintiff and members of the Plaintiff Class at the applicable rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in individual workweeks.

27. Plaintiff and the Plaintiff Class have a commonality of interest in the subject matter and remedy sought.

28. Plaintiff is able to fairly and adequately represent and protect the interests of the Plaintiff Class.

29. Plaintiff's Counsel is competent and experienced in litigating large wage and hour class action lawsuits.

30. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the

Plaintiff Class, to the Court, and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

31. Plaintiffs also meet the requirements of Rule 23(c)(4) in that overtime issues alleged by Plaintiffs may appropriately be brought and maintained as a class action.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
(Collective Action)

32. Paragraphs 1 through 31 are re-alleged and incorporated as though set forth fully herein.

33. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff and all putative members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

34. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff has attached as **Exhibit A** his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

35. Plaintiff and other similarly situated employees were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

36. Plaintiff and all other similarly situated employees did routinely work in excess of forty (40) hours per week, as described herein.

37. Defendants failed to pay Plaintiff and other similarly situated employees at the overtime rate for all hours worked over forty (40) in a workweek.

38. The amount of underpayment due to Plaintiff and the putative members of the Plaintiff Class is ascertainable through the timekeeping and pay records maintained exclusively

by the Defendants, however will amount to the total unpaid premium pay for each week in which Plaintiff and the putative members of the Plaintiff Class worked over forty (40) hours and did not receive overtime compensation.

39. Plaintiff and the putative members of the Plaintiff Class are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied full and overtime compensation as required by the FLSA.

40. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policy. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Teodulo Campos, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Conditionally certifying this action to proceed as an opt-in collection action under 29 U.S.C. § 216(b);

b) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME
### (Class Action)

41. Paragraphs 1 through 31 are re-alleged and incorporated as though set forth fully herein.

42. The matters set forth in this Count arise from Defendants' violations of the IMWL for its failure to pay Plaintiff and other similarly-situated employees at the overtime rate for all hours worked in excess of forty (40) per workweek.

43. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

44. At all times relevant, Campos and other similarly-situated employees were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq*.

45. Pursuant to the IMWL, for all weeks during which Plaintiff and the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

46. Plaintiff and other similarly-situated employees regularly worked in excess of forty (40) hours per work week, as described herein.

47. Defendants violated the IMWL by failing to compensate Campos and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) hours per work week.

48. The amount of underpayment due to Plaintiff and the putative members of the Plaintiff Class is ascertainable through the timekeeping and pay records maintained exclusively by the Defendants, however will amount to the total unpaid premium pay for each week in which Plaintiff and the putative members of the Plaintiff Class worked over forty (40) hours and did not receive overtime compensation.

49. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff and members of the Plaintiff Class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff, Teodulo Campos, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or Fed. R. Civ. P. 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*; and

h) Ordering such additional relief as this Court deems just and proper.

Dated: May 13, 2016                    Respectfully submitted,

Alejandro Caffarelli, #06239078        TEODULO CAMPOS, a/k/a LUIS
Alexis D. Martin, #06309619            CAMPOS, on behalf of himself and all
Caffarelli & Associates Ltd.           other similarly situated persons, known and
224 S. Michigan Ave., Ste. 300         unknown,
Chicago, IL 60604
Tel. (312) 763-6880                    By: /s/ Alejandro Caffarelli
                                           Attorney for Plaintiff